IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NO. 1:12-cv-00079

VIRGIL LUKE,
  Plaintiff,

v.

APIM, LLC,

  Defendant.

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

**NOW COMES** Defendant APIM, LLC. ("Defendant") by counsel, and states as follows for its Answer to the Complaint filed against it by Plaintiff Virgil Luke ("Plaintiff"):

### FIRST DEFENSE AND ANSWER

The Defendant responds to the specific allegations of the Complaint as follows:

### NATURE OF ACTION

1. It is admitted that this case is an action brought by Plaintiff under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") and North Carolina Collection Agency Act, N.C. Gent. Stat. § 58-70-90 *et seq* ("NCCAA"). All remaining allegations contained in paragraph 1 of Plaintiff's Complaint are denied.

### JURISDICTION AND VENUE

2. The allegations contained in paragraph 2 of Plaintiff's Complaint are legal conclusions and no response is required. To the extent a response is required, the same are denied.

3. The allegations contained in paragraph 3 of Plaintiff's Complaint are legal conclusions and no response is required. To the extent a response is required, the same are denied.

## PARTIES

4. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 4 of Plaintiff's Complaint, and therefore denies said allegations.

5. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 5 of Plaintiff's Complaint, and therefore denies said allegations.

6. It is admitted that Defendant attempted to collect on an account from Plaintiff. Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 6 of Plaintiff's Complaint, and therefore denies said allegations.

7. It is admitted that under certain circumstances, Defendant may fall under the definitions of "debt collector" as that term is defined in the FDCPA. Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 7 of Plaintiff's Complaint, and therefore denies said allegations.

8. The allegations contained in paragraph 8 of Plaintiff's Complaint are legal conclusions and no response is required. To the extent a response is required, the same are denied.

9. The allegations contained in paragraph 9 of Plaintiff's Complaint are legal conclusions and no response is required. To the extent a response is required, the same are denied.

## FACTUAL ALLEGATIONS

10. It is admitted that Plaintiff owes on an account to a creditor. Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 10 of Plaintiff's Complaint, and therefore denies said allegations.

11. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 11 of Plaintiff's Complaint, and therefore denies said allegations.

12. It is admitted, that at times, the defendant uses instrumentalities of interstate commerce to collect debts. Except as admitted, the allegations contained in paragraph 12 of the Complaint are denied.

13. It is admitted that on February 1, 2012, Defendant forwarded correspondence to Plaintiff. The correspondence speaks for itself and is the best evidence of its contents. To the extent the allegations contained in paragraph 13 of the Complaint are inconsistent therewith, the same are denied. All remaining allegations contained in paragraph 13 of Plaintiff's Complaint are denied.

14. It is admitted that on February 1, 2012, Defendant forwarded correspondence to Plaintiff. The correspondence speaks for itself and is the best evidence of its contents. To the extent the allegations contained in paragraph 14 of the Complaint are inconsistent therewith, the same are denied. All remaining allegations contained in paragraph 14 of Plaintiff's Complaint are denied.

15. The correspondence referenced in paragraph 15 of the Complaint speaks for itself and is the best evidence of its contents. To the extent the allegations contained in paragraph 15 of the Complaint are inconsistent therewith, the same are denied. All remaining allegations contained in paragraph 15 of Plaintiff's Complaint are denied.

16. The correspondence speaks for itself and is the best evidence of its contents. To the extent the allegations contained in paragraph 16 of the Complaint are inconsistent therewith, the same are denied. All remaining allegations contained in paragraph 16 of Plaintiff's Complaint are denied.

17. It is admitted that Defendant has not furnished any information regarding Plaintiff to the IRS. All remaining allegations contained in paragraph 17 of Plaintiff's Complaint are denied.

18. It is admitted that Defendant has not furnished any information regarding Plaintiff to the IRS. All remaining allegations contained in paragraph 18 of Plaintiff's Complaint are denied.

19. The allegations contained in paragraph 19 of the Complaint are denied.

20. The allegations contained in paragraph 20 of the Complaint are denied.

21. The correspondence speaks for itself and is the best evidence of its contents. To the extent the allegations contained in paragraph 21 of the Complaint are

inconsistent therewith, the same are denied. All remaining allegations contained in paragraph 21 of Plaintiff's Complaint are denied.

22. The allegations contained in paragraph 22 of the Complaint are denied.

23. The allegations contained in paragraph 23 of the Complaint are denied.

24. The allegations contained in paragraph 24 of the Complaint are denied.

25. The allegations contained in paragraph 25 of the Complaint are legal conclusions and no response is required. To the extent a response is required, the allegations are denied.

26. The allegations contained in paragraph 26 of the Complaint are legal conclusions and no response is required. To the extent a response is required, the allegations are denied.

27. The allegations contained in paragraph 27 of the Complaint are admitted.

28. The allegations contained in paragraph 28 of the Complaint are admitted.

29. The allegations contained in paragraph 29 of the Complaint are denied.

## COUNT I
## VIOLATION OF 15 U.S.C. §1692e(5)

30. All allegations incorporated by reference into paragraph 30 of Plaintiff's Complaint are admitted and denied in the same manner and to the same extent that said allegations are otherwise admitted and denied herein.

31. The allegations contained in paragraph 31 of the Complaint are denied.

## COUNT II
## VIOLATION OF 15 U.S.C. §1692e(10)

32. All allegations incorporated by reference into paragraph 32 of Plaintiff's Complaint are admitted and denied in the same manner and to the same extent that said allegations are otherwise admitted and denied herein.

33. The allegations contained in paragraph 33 of the Complaint are denied.

## COUNT III
## VIOLATION OF 15 U.S.C. §1692f

34. All allegations incorporated by reference into paragraph 34 of Plaintiff's Complaint are admitted and denied in the same manner and to the same extent that said allegations are otherwise admitted and denied herein.

35. The allegations contained in paragraph 35 of the Complaint are denied.

36. The allegations contained in paragraph 36 of the Complaint are legal conclusions and no response is required. To the extent a response is required, the allegations are denied.

37. The allegations contained in paragraph 37 of the Complaint, including all subparts, are legal conclusions and no response is required. To the extent a response is required, the allegations are denied.

38. The allegations contained in paragraph 38 of the Complaint are denied.

39. The allegations contained in paragraph 39 of the Complaint are legal conclusions and no response is required. To the extent a response is required, the allegations are denied.

40. The allegations contained in paragraph 40 of the Complaint are legal conclusions and no response is required. To the extent a response is required, the allegations are denied.

41. The allegations contained in paragraph 41 of the Complaint are legal conclusions and no response is required. To the extent a response is required, the allegations are denied.

42. The allegations contained in paragraph 42 of the Complaint are legal conclusions and no response is required. To the extent a response is required, the allegations are denied.

43. The allegations contained in paragraph 43 of the Complaint are denied.

44. The allegations contained in paragraph 44 of the Complaint are denied.

## COUNT IV
## VIOLATION OF 15 U.S.C. §1692g(a)

45. All allegations incorporated by reference into paragraph 45 of Plaintiff's Complaint are admitted and denied in the same manner and to the same extent that said allegations are otherwise admitted and denied herein.

46. The allegations contained in paragraph 46 of the Complaint are denied.

## COUNT V
## VIOLATION OF N.C. GEN. STAT. §58-70-95(8)

47. All allegations incorporated by reference into paragraph 47 of Plaintiff's Complaint are admitted and denied in the same manner and to the same extent that said allegations are otherwise admitted and denied herein.

48. The allegations contained in paragraph 48 of the Complaint are denied.

## COUNT VI
## VIOLATION OF N.C. GEN. STAT. §58-70-110

49. All allegations incorporated by reference into paragraph 49 of Plaintiff's Complaint are admitted and denied in the same manner and to the same extent that said allegations are otherwise admitted and denied herein.

50. The allegations contained in paragraph 50 of the Complaint are denied.

## COUNT VII
## VIOLATION OF N.C. GEN. STAT. §58-70-115

51. All allegations incorporated by reference into paragraph 51 of Plaintiff's Complaint are admitted and denied in the same manner and to the same extent that said allegations are otherwise admitted and denied herein.

52. The allegations contained in paragraph 52 of the Complaint are denied.

53. No response is required by Defendant.

54. All other allegations of the Complaint not otherwise specifically admitted or denied herein are denied.

## SECOND DEFENSE

Plaintiff failed to state a claim upon which relief can be granted and the complaint should therefore be dismissed.

## THIRD DEFENSE

Any violation of law by Defendants, which is specifically denied, resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid the error.

### **FOURTH DEFENSE**

Defendants did not make any false or misleading representation to Plaintiff or anyone else.

### **FIFTH DEFENSE**

Plaintiff did not justifiably rely upon any alleged false or misleading representation.

**WHEREFORE**, Defendant requests that:

1. The Plaintiff have and recover nothing of the defendant;

2. The Complaint be dismissed at Plaintiff's cost;

3. Defendant be awarded reasonable attorney fees and costs as provided for under applicable law; and

4. For such other and further relief as this Court deems necessary and appropriate.

This the 15th day of June, 2012.

/s/Caren D. Enloe
Caren D. Enloe
Morris Manning & Martin, LLP
NC State Bar No. 17394
PO Box 12768
Research Triangle Park, NC 27709
Telephone: (919)806-2969
Telefacsimile: (919)806-2057
cenloe@mmmlaw.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document was served upon all other parties to this cause by CM/ECF as follows:

Holly E. Dowd
Weisberg & Meyers, LLC
409A Wakefield Dr.
Charlotte, NC 28209
hdowd@attorneysforconsumers.com

This the 15th day of June, 2012.

/s/ Caren D. Enloe
Caren D. Enloe
Morris, Manning & Martin, LLP
NC State Bar No. 17394
PO Box 12768
Research Triangle Park, NC 27709
Telephone: (919)806-2969
Facsimile: (919)806-2057
cenloe@mmmlaw.com
*Counsel for the defendant*